Matthew Swanlund (Bar No. 204542)
matthew@aestheticlegal.com
**AESTHETIC LEGAL, A.P.L.C.**
400 Corporate Pointe, Suite 300
Culver City, CA 90230
Telephone: (310) 301-4545

Attorney for Plaintiff
TIMOTHY HOGAN INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY HOGAN, INC., a California corporation;<br><br>        Plaintiff,<br><br>v.<br><br>BODY VISION JEWELRY, INC., a California corporation, d/b/a Body Vision Los Angeles;<br><br>        Defendant. | Case No.    2:26-cv-6717<br><br>**COMPLAINT FOR:**<br><br>**(1) COPYRIGHT INFRINGEMENT (17 U.S.C. §501);**<br><br>**(2) BREACH OF CONTRACT; AND**<br><br>**(3) REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION (17 U.S.C. §1203)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Timothy Hogan Inc. ("Plaintiff" or "Hogan") hereby complain of Defendant Body Vision Jewelry, Inc., d/b/a Body Vision Los Angeles ("Defendant" or "BVLA"), and allege as follows:

1

COMPLAINT    2:26-cv-6717

## JURISDICTION AND VENUE

1.      This is an action for copyright infringement under 17 U.S.C. §501 et seq., and for removal of copyright management information under 17 U.S.C. §1203 et seq.

2.      The Court has original subject matter jurisdiction over the claims that relate to copyright infringement pursuant to 17 U.S.C. §§ 501 et seq. The Court also has original subject matter jurisdiction over those claims pursuant to 28 U.S.C. §§ 1331 and 1338, as the claims arise under the laws of the United States.

3.      This Court has personal jurisdiction over Defendant because such party has a continuous, systematic, and substantial presence within California, including within this Judicial District. Defendant regularly solicits and conducts business within California, including in this Judicial District. In addition, Defendant has committed acts of copyright infringement in California and in this Judicial District, including, but not limited to displaying, distributing, and reproducing Plaintiff's copyrighted works to customers in California and in this Judicial District, and Defendant's acts form a substantial part of the events or omissions giving rise to Plaintiff's claims.

4.      Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) at least because a substantial portion of the events complained of herein took place in this Judicial District.

## THE PARTIES

5.      Plaintiff Timothy Hogan, Inc., is a California corporation, having a principal address at 1287 Meiners Road, Ojai, CA, 93203.

6.      Defendant is a California corporation having a principal address and a registered agent for service of process at 906 Palomares Ave., La Verne, CA 91750.

## COMMON ALLEGATIONS FOR ALL CLAIMS OF RELIEF

2

COMPLAINT     2:26-cv-6717

7. Plaintiff is a prominent professional product photography and cinematography studio based in Los Angeles, with a 25-year track record in still photography working with top-tier brands.

8. Plaintiff was engaged by Defendant to capture and produce photographs of Defendant's jewelry products in 2020 and 2023.

9. As part of those services, Plaintiff is the sole author and copyright owner of a series of seventeen (17) product photographs titled "BVLA 2020 Shoot" and a series of thirty-nine (39) product photographs titled "BVLA 2023 Shoot" (the BVLA 2020 Shoot and BVLA 2023 Shoot are collectively referred to herein as the "BVLA Photographs."

10. Plaintiff is the owner of all right, title and interest in and to the copyright for the BVLA Photographs.

11. The BVLA 2020 Shoot photographs are registered with the U.S. Copyright Office as U.S. Copyright Registration No. VA 2-504-740, and the BVLA 2023 Shoot photographs are registered with the U.S. Copyright Office as U.S. Copyright Registration No. VA 2-504-669. **See Exhibit A**.

12. Plaintiff and Defendant entered into an Invoice No. BV-0920-Final dated October 1, 2020 (the "Agreement 1") for photography services, specifically, stylized images of BVLA jewelry products. **See Exhibit B**. Plaintiff provided Defendant with all deliverables required under the Agreement 1 and Defendant paid all fees due under the Agreement 1.

13. Plaintiff and Defendant also entered into an Invoice No. 2080INV dated October 13, 2020 (the "Agreement 2") for photography services, specifically, stylized images of BVLA jewelry products. **See Exhibit C**. Plaintiff provided Defendant with all deliverables required under the Agreement 2 and Defendant paid all fees due under the Agreement 2.

14. Plaintiff and Defendant also entered into an Invoice No. 2082INV dated

October 21, 2020 (the "Agreement 3") for photography services, specifically, stylized images of BVLA jewelry products. **See Exhibit D**. Plaintiff provided Defendant with all deliverables required under the Agreement 3 and Defendant paid all fees due under the Agreement 3.

15.    Agreement 1, Agreement 2, and Agreement 3 are collectively referred to herein as the "2020 Agreements."

16.    The paragraph of the 2020 Agreements titled "Usage License" states as follows:

> "This license is strictly limited to the terms and conditions below, and governed by the Copyright laws of the United States, as specified in Title 17 of the United States Code:
>
> Licensee: BVLA
>
> Licensor: Timothy Hogan Inc.
>
> Date: 2020-09-01
>
> Duration: 2 Years"

Therefore, the license granted by Plaintiff to Defendant to use and display the 2020 BVLA Shoot photographs expired pursuant to the terms of the 2020 Agreements on September 1, 2022.

17.    Paragraph 3 of the 2020 Agreements further states that:

> "[Plaintiff] is the sole creator and sole copyright owner of the image(s). Except for rights specifically licensed or transferred elsewhere in this Agreement, [Plaintiff] reserves all rights in the image(s) without limitation, and including digital or electronic publishing and use rights in any and all media now existing and yet unknown throughout the world."

Therefore, Plaintiff is the exclusive owner of all Copyright interest in and to the 2020 BVLA Shoot photographs.

18. Paragraph 12 of the 2020 Agreements further states that:

"Default: Any action to enforce any term of [the 2020 Agreements] or any matter arising out of [the 2020 Agreements] shall be brought in the state of Licensor's principal place of business. If Licensor prevails in any action brought to enforce the terms of [the 2020 Agreements], Licensor will be entitled to recover actual attorney's fees, court costs and all other non-reimbursable litigation expenses, such as expert witness fees and investigation costs."

19. In 2023, Plaintiff was again engaged by Defendant to capture and produce additional Defendant product photographs.

20. Plaintiff and Defendant entered into an Invoice No. BV003_2308_INV dated September 21, 2023 (the "Agreement 4") for photography services, specifically, stylized images of BVLA jewelry products. **See Exhibit E**. Plaintiff provided Defendant with all deliverables required under the Agreement 4 and Defendant paid all fees due under the Agreement 4.

21. Plaintiff and Defendant also entered into an Invoice No. BV004_2310_INV dated September 25, 2023 (the "Agreement 5") for photography services, specifically, stylized images of BVLA jewelry products. **See Exhibit F**. Plaintiff provided Defendant with all deliverables required under the Agreement 5 and Defendant paid all fees due under the Agreement 5.

22. Agreement 4 and Agreement 5 are collectively referred to herein as the "2023 Agreements."

23. The paragraph of the 2023 Agreements titled "Usage License" provides as follows:

"This license is strictly limited to the terms and conditions below, and governed by the Copyright laws of the United States, as specified in Title 17

5

of the United States Code:

Licensee: BVLA

Licensor: Timothy Hogan Inc.

Date: 2023-09-01

Duration: 2 Years"

Therefore, the license granted by Plaintiff to Defendant to use and display the 2023 BVLA Shoot photographs expired pursuant to the terms of the 2023 Agreements on September 1, 2025.

24. Paragraph 9 of the 2023 Agreements states that:

"The Fee is based on the Usage License as specified in the [2023 Agreements], any additional or extended use will attract an additional fee which must be agreed by Timothy Hogan Inc. in advance. … Any extended or additional use made without permission shall be treated as a flagrant disregard for Timothy Hogan Inc.'s copyright and shall attract an enhanced fee at the maximum percentage stated in the Association of Photographers re-usage guidelines."

25. Therefore, the license granted by Plaintiff to Defendant to use and display the 2023 BVLA Shoot photographs expired pursuant to the terms of the 2023 Agreements on September 1, 2025.

26. After conducting an online audit of Defendant's image usage on or around December of 2025, Plaintiff recently discovered that Defendant continued to use and display the BVLA Photographs on Defendant's website and other advertising materials, even though the license to use and display the BVLA Photographs had expired. **See Exhibit G**.

27. Defendant did not seek permission from Plaintiff to use any of the BVLA Photographs beyond the stated license terms, Defendant did not pay Plaintiff any additional license fees for use of any of the BVLA Photographs beyond the stated license terms, and

Plaintiff did not consent to Defendant's use of any of the BVLA Photographs beyond the stated license terms.

28.    Plaintiff sent a demand for payment to Defendant on January 14, 2026. Defendant refused to pay Plaintiff, yet has continued to display the BVLA Photographs on its website and marketing materials in blatant disregard of Plaintiff's rights, and has continued display of the BVLA Photographs as of the date of this filed Complaint.

29.    Plaintiff is entitled to damages for Defendant's continued display, distribution, reproduction and creation of derivative works of the 2020 BVLA Shoot photographs from September 1, 2022, to the present; and the 2023 BVLA Shoot photographs from September 1, 2025 to the present.

### Defendant's Infringing Activities

30.    Without permission or consent from Plaintiff, Defendant has displayed, distributed and reproduced the BVLA Photographs and created derivative works of the BVLA Photographs after the respective license term expiration dates.

31.    Defendant owns and operates a commercial website which displays, distributes and reproduces the BVLA Photographs and derivative works of the BVLA Photographs after the respective license term expiration dates, all without permission or authorization from Plaintiff.

32.    Upon information and belief, Defendant is directly involved and has direct control over and specific knowledge of Defendant's website, social media accounts, and marketing materials.

33.    Defendant has displayed, distributed and reproduced the BVLA Photographs and derivative works of the BVLA Photographs to customers in California, including to customers in this Judicial District after the license term expiration dates.

34.    Defendant has directly profited from the reproduction, display and distribution of the BVLA Photographs and from of creation of derivative works of the

7

BVLA Photographs after the license term expiration dates.

35.    Upon information and belief, Defendant has specific knowledge of the BVLA Photographs, at least because of Defendant's prior licensing of the BVLA Photographs.

36.    Upon information and belief, Defendant knew of the Plaintiff's rights in the BVLA Photographs when Defendant began publicly displaying, reproducing and distributing reproductions of the BVLA Photographs, and creating derivative works of the BVLA Photographs after the license term expiration dates.

37.    Plaintiff sent a cease and desist to Defendant on January 14, 2026, including a demand for payment.

38.    Defendant refused to cease and desist infringement or provide any such payment to Plaintiff.

39.    Defendant's acts complained of herein have been willful and deliberate. Defendant has intentionally displayed, distributed and reproduced the BVLA Photographs, and created derivative works of the BVLA Photographs, with the express knowledge that Defendant had no such rights. Defendant's actions alleged herein are intended to profit from use of the BVLA Photographs without actually paying for such use.

40.    Defendant's acts complained of herein have caused damage to Plaintiff in an amount to be determined at trial, and such damages will continue to increase unless Defendant is enjoined from its wrongful acts and infringement.

41.    Defendant's acts complained of herein have caused Plaintiff to suffer irreparable injury to its business. Plaintiff will suffer substantial loss of goodwill and reputation unless and until Defendant is preliminarily and permanently enjoined from the wrongful acts complained of herein.

## FIRST CLAIM FOR RELIEF

(Copyright Infringement Under 17 U.S.C. §§ 501 et seq.)

42.    Plaintiff hereby repeats, realleges, and incorporates by reference Paragraphs

8

COMPLAINT    2:26-cv-6717

1 – 41 of this Complaint as though fully set forth herein.

43. This is an action for direct, contributory, and vicarious copyright infringement under the Copyright Act, 17 U.S.C. §§ 501, et seq.

44. Plaintiff is the owner of valid and enforceable copyrights in the BVLA Photographs, which contain copyrightable subject matter under 17 U.S.C. §§ 101, et seq.

45. Plaintiff complied with the registration requirements of 17 U.S.C. § 411(a) for the BVLA Photographs, and Plaintiff has obtained U.S. Copyright Registration No. VA 2-504-740, and U.S. Copyright Registration No. VA 2-504-669.

46. Defendant's license to the 2020 BVLA Shoot photographs expired on September 1, 2022.

47. Defendant's license to the 2023 BVLA Shoot photographs expired on September 1, 2025.

48. Defendant unlawfully reproduced, distributed and displayed protected elements of the BVLA Photographs, and created derivative works based upon the BVLA Photographs beyond the respective license term expiration dates.

49. Upon information and belief, Defendant had access to the BVLA Photographs at least because Defendant previously licensed the BVLA Photographs from Plaintiff.

50. Without permission from Plaintiff, Defendant directly infringed the BVLA Photographs by distributing, displaying, and reproducing identical and substantially similar designs bearing protected elements of the BVLA Photographs, and created derivative works based upon the BVLA Photographs beyond the license term expiration dates.

51. Upon information and belief, Defendant has direct control over and monitors Defendant's website and social media content, and knowingly and substantially assists in the creation, display, distribution and reproduction of content on Defendant's website and social media pages.

52. Upon information and belief, Defendant has the right and ability to supervise

the content on its website and social media accounts, including, for example, because it can remove or edit content on its website and social media accounts.

53.    Defendant also profits directly from the sale of goods from the Defendant's wholesale and retail sales agreements, through its ecommerce website, and through social media pages that display the BVLA Photographs.

54.    Defendant's intentional and deliberate reproduction, distribution and display of the BVLA Photographs beyond the license term expiration dates infringes and continues to infringe the Plaintiff's copyrights in violation of 17 U.S.C. § 501(a). Defendant is directly infringing on Plaintiff's exclusive right to reproduce, distribute, display, and make derivative works of the BVLA Photographs under 17 U.S.C. §§ 106(1)-(3), (5).

55.    Defendant's infringement has been continuous, willful and deliberate.

56.    Defendant, by its actions, has damaged Plaintiff in an amount to be determined at trial.

57.    Defendant, by its actions, has irreparably injured Plaintiff. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

(Breach of Contract)

58.    Plaintiff hereby repeats, realleges, and incorporates by reference Paragraphs 1 - 57 of this Complaint as though fully set forth herein.

59.    Plaintiff and Defendant entered into the 2020 Agreements and 2023 Agreements for photography services, specifically, stylized images of BVLA jewelry products.

60.    Defendant breached its obligations under the 2020 Agreements and 2023 Agreements by failing to honor the obligation to extend the useage term and pay any and

all amouts set forth in the agreements for continued use of the BVLA Photographs after respective license term expiration dates to the present.

61.     In addition, paragraph 11 of the 2023 Agreements states, "[i]n respect of all editorial uses and otherwise as additionally stated in the [2023 Agreements] [Defendant] shall ensure that photographer's name is printed on or in reasonable proximity to all published reproductions of the Licensed Photographs."

62.     Defendant, without the authority of Plaintiff or the law, copied, distributed and publicly displayed copies of the BVLA Photographs and derivative works based upon the BVLA Photographs, without printing Plaintiff's name on or in reasonable proximity to all published reproductions of the Licensed Photographs.

63.     Plaintiff fully performed all of its obligations under the 2020 Agreements and 2023 Agreements, while Defendant has failed to perform its obligations under the 2020 Agreements and 2023 Agreements.

64.     Plaintiff alleges that Defendant's breach of the 2020 Agreements and 2023 Agreements is the actual and proximate cause of its damages.

65.     As a result of Defendant's breach of the 2020 Agreements and 2023 Agreements, Plaintiff has and will suffer damages, which will be proven at the time of trial.

66.     In addition, Plaintiff is entitled to prejudgment interest in an amount subject to proof at the time of trial.

**THIRD CLAIM FOR RELIEF**

(Removal of Copyright Management Information Under 17 U.S.C. §1203(c)(3))

67.     Plaintiff hereby repeats, realleges, and incorporates by reference Paragraphs 1 – 66 of this Complaint as though fully set forth herein.

68.     This is an action for removal of copyright management information under the Copyright Act, 17 U.S.C. §§ 1202, et seq.

69.     Plaintiff is the owner of valid and enforceable copyrights in the BVLA

Photographs, which contain copyrightable subject matter under 17 U.S.C. §§ 101, et seq.

70.    Paragraph 11 of the 2023 Agreements states, "[i]n respect of all editorial uses and otherwiase as additionally stated in the [2023 Agreements] [Defendant] shall ensure that photographer's name is printed on or in reasonable proximity to all published reproductions of the Licensed Photographs."

71.    Without permission from Plaintiff, Defendant distributed, displayed, and reproduced identical and substantially similar designs bearing protected elements of the BVLA Photographs, and created derivative works based upon the BVLA Photographs, after the license term expiration dates.

72.    Defendant, without the authority of Plaintiff or the law, copied, distributed and publicly displayed copies of the BVLA Photographs and derivative works based upon the BVLA Photographs, knowing that Plaintiff's name was removed or altered without authority of Plaintiff.

73.    Defendant knew or had reasonable grounds to know that removing or altering Plaintiff's name will induce, enable, facilitate, or conceal an infringement of Plaintiff's rights.

74.    Defendant's removal or alteration of Plaintiff's name from the BVLA Photographs is a violation of 17 U.S.C. § 1202(b).

75.    Defendant, by its actions, has damaged Plaintiff in an amount to be determined at trial.

76.    Defendant, by its actions, has irreparably injured Plaintiff. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights, for which Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

COMPLAINT    2:26-cv-6717

1.     That the Court render a final judgment in favor of Plaintiff and against Defendant on all claims for relief alleged herein;

2.     That the Court render a final judgment that Defendant has violated 17 U.S.C. § 501(a) by directly, contributorily, and/or vicariously infringing the Plaintiff's copyrights in the BVLA Photographs;

3.     That the Court render a final judgment that Defendant has violated 17 U.S.C. 1202(b).

4.     That the Court render final judgment that Defendant has breached the 2020 Agreements and the 2023 Agreements.

5.     That Defendant, its agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or participation with Defendant who receive actual notice of the injunction by personal service or otherwise, be forthwith preliminarily and permanently enjoined from:

    a. displaying, reproducing or distributing the BVLA Photographs on Defendant's website, social media pages, or marketing materials;

    b. displaying, reproducing or distributing the BVLA Photographs on in-store or online advertising or promoting Defendant's products or other products offered through Defendant's retail stores, website or social media pages in any manner;

    c. manufacturing, distributing, shipping, importing, reproducing, displaying, advertising, marketing, promoting, transferring, selling, and/or offering to sell any products bearing or using the BVLA Photographs or any designs substantially similar thereto;

    d. filing any applications for registration of any copyrighted works or designs substantially similar to the BVLA Photographs; and

    e. otherwise infringing the BVLA Photographs.

6.     That Defendant be directed to file with this Court and serve on Plaintiff within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which it has complied with the injunction pursuant to 15 U.S.C. § 1116;

7.     That Defendant be required to account to Plaintiff for any and all profits derived by Defendant and all damages sustained by Plaintiff by virtue of Defendant's acts complained of herein;

8.     That Defendant be ordered to pay over to Plaintiff all damages which Plaintiff has sustained as a consequence of the acts complained of herein, subject to proof at trial, together with prejudgment and post-judgment interest;

9.     That Plaintiff be awarded its actual damages and Defendant's profits under 17 U.S.C. § 504. Alternatively, if Plaintiff elects, that Plaintiff be awarded statutory damages pursuant to 17 U.S.C. § 504;

10.     That Defendant's actions be deemed willful;

11.     That an award of reasonable costs, expenses, and attorneys' fees be awarded to Plaintiff pursuant to the express terms of the 2020 Agreements and 17 U.S.C § 505;

12.     That Plaintiff be awarded its actual damages and Defendant's profits under 17 U.S.C. §1203(c). Alternatively, if Plaintiff elects, that Plaintiff be awarded statutory damages for each violation of 17 U.S.C. §1202(b).

13.     That Defendant be required to remove and destroy all online content, devices, literature, advertising, goods and other unauthorized materials bearing the BVLA Photographs, pursuant to 17 U.S.C. § 503; and

14.     That Plaintiff be awarded such other and further relief as this Court may deem just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby

demands a trial by jury of all issues so triable.

Respectfully submitted,
**AESTHETIC LEGAL, APLC**

Dated: June 22, 2026

By:  /s/ Matthew Swanlund

Matthew Swanlund
400 Corporate Pointe, Suite 300
Culver City, California 90230
Telephone: (310) 301.4545

Attorney for Plaintiff
TIMOTHY HOGAN INC.